**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **RENÉE MARIE BUMB**<br>**UNITED STATES DISTRICT JUDGE** | MITCHELL H. COHEN COURTHOUSE<br>1 John F. Gerry Plaza, Chambers 6050<br>P.O. Box 2736<br>Camden, New Jersey 08101<br>(856) 757-5020   Fax (856) 757-5474 |

May 14, 2020

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

Steven Cooley
#70930-050
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, New Jersey 08640

Alisa Shver, AUSA
U.S. Attorney's Office District Of New Jersey
401 Market Street, 4th Floor
Camden, New Jersey 08102

    Re:  United States v. Steven Cooley
         Criminal Action No. 17-367 (RMB)

Mr. Cooley and Counsel:

    Before this Court is Defendant Steven Cooley's ("Defendant" or "Cooley") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

**DISCUSSION**

    Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, Dillon v. United States, 560 U.S. 817, 825 (2010), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exists "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to

>appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>(i) extraordinary and compelling reasons warrant such a reduction. . .
>
>18 U.S.C. § 3582(c) (emphasis added). As such, under the FSA, a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release.

On September 3, 2017, Defendant pled guilty to a one-count Information charging him with committing Hobbs Act Robbery on December 29, 2016 in violation of 18 U.S.C. § 1951(a) and 2. On March 8, 2019, this Court sentenced Defendant to a term of 60 months imprisonment, three years of supervised release, and $73,247.79 in restitution. Dkt. No. 19. Defendant is currently serving his sentence at FCI Fort Dix. Dkt. No. 27.

On April 17, 2020, Defendant filed an emergency motion asking this Court for compassionate release under the FSA on the grounds that he is "especially vulnerable to the coronavirus" because he suffers from "hypertension, obesity, chronic arthritis, and sleep apnea." Dkt. No. 28, at 1. He also states that as an African American he is at an increased risk of dying if infected with the virus. Id. However, this Court may only grant a motion for reduction of sentence under the FSA if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), as revised (Apr. 8, 2020). This is a statutory requirement that this Court may not waive. See, e.g., Raia, 2020 WL 1647922 at *2; Massieu v. Reno, 91 F.3d 416, 419 (3d Cir. 1996); Ross v. Blake, 136 S. Ct. 1850 (2016).[1] Because Defendant

---

[1] Even if this Court were to waive the statutory exhaustion requirement as Defendant asks this Court to do, the Court finds the reasons proffered by Defendant are insufficient. Defendant claims that a delay would result in "catastrophic health consequences."

has not exhausted his administrative remedies, this Court may not consider the merits of his motion at this time, and his motion will be denied.

CONCLUSION

Defendant's Motion for Compassionate Release is **DENIED without prejudice**. An appropriate order follows.

Very truly yours,

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

---

Dkt. No. 28, at 3. Defendant points to no specific concerns other than a generalized concern about the "pandemic crisis." Id. This is insufficient to waive the exhaustion of administrative rights requirement.