[Dkt. No. 36]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Camden Vicinage

_____
                            :
UNITED STATES OF AMERICA,   :
                            :
        v.                  : Crim. No. 17-367 (RMB)
                            :
STEVEN T. COOLEY            : **OPINION**
_____:

      This matter comes before the Court upon Defendant Steven T. Cooley's Motion to Reduce Sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i).  [Dkt. No. 36].  Defendant Cooley is currently serving his sentence at Fort Dix in New Jersey.  The Court having considered the parties' submissions, and for the reasons discussed below, denies the Motion.

      On September 13, 2017, Cooley pled guilty to a one count information of a Hobbs Act Conspiracy in violation of 18 U.S.C. § 1951.  The Court sentenced him to 60 months in prison with three years of supervised release.

      In support of his Motion, Defendant contends that his underlying health condition of "morbid obesity, hypertension, and chronic obstructive sleep apnea" and the crisis presented by the COVID-19 pandemic present extraordinary and compelling reasons for this Court to grant the relief requested.

1

The Government opposes the motion, arguing that the statistics prove that the prison's efforts to mitigate the spread of the virus have "proved largely successful." Dkt. 38, at 13. First, the Government points to the measures taken by the Bureau of Prisons to protect the health of the inmates. As set forth in the Government's submission: The BOP has had a Pandemic Influenza Plan in place since 2012. That protocol is lengthy and detailed, establishing a six-phase framework. The plan addresses social distancing, hygienic and cleaning protocols, and the quarantining and treatment of symptomatic inmates:

> The current modified operations plan requires that all inmates in every BOP institution be secured in their assigned cells/quarters for a period of at least 14 days, in order to stop any spread of the disease. Only limited group gathering is afforded, with attention to social distancing to the extent possible, to facilitate commissary, laundry, showers, telephone, and computer access.
>
> . . .
>
> [A]ll official staff travel also has been cancelled, as has most staff training. All staff and inmates have been and will continue to be issued face masks and strongly encouraged to wear an appropriate face covering when in public areas when social distancing cannot be achieved.
>
> Every newly admitted inmate is screen for COVID-19 exposure risk factors and symptoms. Asymptomatic inmates with risk of exposure are placed in quarantine for a minimum of 14 days or until cleared by medical staff. Symptomatic inmates are placed in isolation until they test negative for COVID-19 or are cleared by medical staff as meeting CDC criteria for release

>from isolation. In addition, . . . all staff are screened for symptoms.

Govt. Opp., at 5-6. Defendant does not dispute these remedial measures are in place.

**DISCUSSION**

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, Dillon v. United States, 560 U.S. 817, 825 (2010), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exists "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

>(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>(i) extraordinary and compelling reasons warrant such a reduction. . .

18 U.S.C. § 3582(c) (emphasis added).

Thus, this Court may only grant a motion for reduction of sentence under the FSA if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of

3

the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), as revised (Apr. 8, 2020).  This is a statutory requirement that this Court may not waive.  See, e.g., Raia, 2020 WL 1647922 at *2; Massieu v. Reno, 91 F.3d 416, 419 (3d Cir. 1996); Ross v. Blake, 136 S. Ct. 1850 (2016).

Defendant Cooley filed requests with the BOP seeking both home confinement and compassionate release which were denied after the Court initially rejected his first request for relief for failure to exhaust administrative remedies.  Defendant has therefore exhausted his administrative remedies. United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), as revised (Apr. 8, 2020).

Under 18 U.S.C. §3582(c)(1)(A), this Court may, in certain circumstances, once the exhaustion requirement has been satisfied as it has here, grant a defendant's motion to reduce his term of imprisonment "after considering the factors set forth in [18 3583(a)]," if the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction," and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §

3582(c)(1)(A)(i). The Defendant bears the burden to establish that he is eligible for a sentence reduction. United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.[1]

The policy statement includes an application note that specifies the types of medical conditions that qualify as

---

[1] The policy statement refers only to motions filed by the BOP Director.  That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c).  See First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; cf.18 U.S.C. § 3582(c) (2012).  In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

5

"extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i).  Second, the standard is met if the defendant is:

> (I)   suffering from a serious physical or medical condition,
>
> (II)  suffering from a serious functional or cognitive
>       impairment, or
>
> (III) experiencing deteriorating physical or mental
>       health because of the aging process,
>
>       that substantially diminishes the ability of the
>       defendant to provide self-care within the
>       environment of a correctional facility and from
>       which he or she is not expected to recover.

Id. § 1B1.13, cmt. n.1(A)(ii).  The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. Id. § 1B1.13, cmt. n.1(B)-(C).  The note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." Id. § 1B1.13, cmt. n.1(D).

   Here, the Government does not dispute that Defendant is in a high risk category.  The Center for Disease Control ("CDC") has classified individuals as high risk if they have a BMI of 30

6

or higher which Defendant does.  Cooley has a BMI of 50.7 based on his height and weight.  Thus, Defendant has presented and met the "extraordinary and compelling" prong to grant compassionate release.

Thus, the Court now turns to analysis of the Section 3553(a) factors.  Under the applicable policy statement, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); <u>United States v. Chambliss</u>, 948 F.3d 691, 694 (5th Cir. 2020).

The Court holds that a sentence reduction here would be inconsistent with the § 3553(a) factors.  First, a reduction would fail to "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a).

The "history and characteristics of the defendant" and the need to protect the public also counsel against any sentencing reduction.  As the Government sets forth in its opposition – undisputed by Defendant – Defendant has displayed violent conduct while incarcerated.  He was disciplined for possessing hazardous tools and wrestling with another inmate.  No way is this Court willing to take such chance to release Defendant when he has failed to follow institutional rules.

Finally, the need for deterrence and the need to punish the Defendant also weigh against reducing Defendant's sentence.

7

Although Defendant's current release date is not far away, July 29, 2021, Defendant's early release would serve as the wrong message: that an inmate whose medical needs are being addressed in an institution that has no positive COVID-19 cases, and who has flaunted the BOP's rules, can still catch a break. This would lead to cynicism about our judicial system and little deterrence.

The Court does not take lightly Defendant's fear of contracting COVID-19. However, before this Court is that the BOP is taking measures to contain the spread of COVID-19, to address Defendant's medical needs, and Defendant has not persuaded this Court that he merits release under the §3553(a) factors.

The Motion is therefore DENIED.

s/Renée Marie Bumb_____
RENÉE MARIE BUMB
United States District Judge

Dated: October 8, 2020

8